# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1466-JBM |
| | ) |
| DR. RUSSELLL and WEXFORD HEALTH | ) |
| SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW-AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on August 5, 2016, he was seen at Pontiac by Defendant Dr. Russell, an optometrist. Plaintiff had a history of cataract in his left eye since 2011 and claims to have poor vision as a result. Plaintiff has allegedly seen several specialists who have recommended surgery, and Defendant Russell apparently concurred. Defendant told Plaintiff, however, that his

1

condition did not meet the Wexford criteria for surgical correction and that the procedure would not be approved.

Plaintiff also claims that the vision in his right eye "goes away" at times, causing his left eye difficulties to be more debilitating. The Court interprets Plaintiff's reference to his right eye as supportive of his left eye damages claim, rather than as an independent claim regarding the right eye.

Wexford, though a private corporation, has potential liability for constitutional infringement under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). This is so, if the alleged injury results from the application of an unconstitutional policy or practice promulgated or allowed by Wexford. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Here, Plaintiff asserts that he has not received the surgery as Wexford applies certain criteria to surgical candidates and his condition does not meet the criteria. This is enough to establish a colorable claim of an unconstitutional policy or practice on the part of Wexford.

Plaintiff also names Defendant Russell though these claims are unclear. A physician may be liable for the failure to follow a specialist's recommendations if that failure is not based on sound medical judgment. *See Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016). "Allegations that a prison official refused to follow the advice of a medical specialist for a non-medical reason may at times constitute deliberate indifference." *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015). In this case, however, Plaintiff does not assert that it was Defendant Russell who denied the surgery, or that Russell had the authority to schedule the surgery over Wexford's denial. *See Lambert v. Adler*, 587 Fed. Appx. 976, 977–78 (7th Cir. 2014) (lone physician not

liable for failure to refer, where decision was made by the Prior Authorization Committee). Plaintiff does not allege enough to establish that Defendant Russell was deliberately indifferent in not authorizing surgery where he does not assert that Defendant had the authority to do so. Plaintiff, however, will be given the opportunity to replead as to Defendant Russell.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the Eighth Amendment *Monell* claim against Defendant Wexford, identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Russell is DISMISSED though Plaintiff will be given an opportunity, within 30 days, to replead. If Plaintiff does so, he is to identify the filing as a Second Amended Complaint and is to include all claims against all Defendants without reference to a prior pleading.

2. Plaintiff files [16], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [16] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff's Motions for Status [14], [15] and [18], are rendered MOOT.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 5/9/2018

                                                          _____s/Joe Billy McDade_____
                                                                  JOE BILLY McDADE
                                             UNITED STATES DISTRICT JUDGE